```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE SHAW                          :    CIVIL ACTION
                                   :
          v.                       :
                                   :
PARKER HANNIFIN CORP.              :    NO. 08-1204
```

MEMORANDUM

Bartle, C.J.                                         June 27, 2008

      Plaintiff Jane Shaw ("Shaw") brought this action against defendant Parker Hannifin Corporation ("Parker") demanding payment upon a Promissory Note that was issued by a company that was later acquired by and merged into Parker. Shaw now seeks: (1) relief from this court's order of April 15, 2008 transferring the case to the United States District Court for the Northern District of Ohio; and (2) to amend her complaint.

      Shaw originally filed her complaint in the Court of Common Pleas in Philadelphia County on January 25, 2008. On March 11, 2008, Parker removed the action to the United States District Court for the Eastern District of Pennsylvania. One week later, on March 18, 2008, Parker filed a motion to transfer venue to the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1404. The motion to transfer was filed electronically through the court's Electronic Case Filing ("ECF") System, of which all counsel of record were

registered as Filing Users.[1]  Attached to the motion by counsel for Parker was a certificate of service documenting that electronic service had been effected upon Shaw's counsel.  On April 15, 2008, we granted the motion to transfer as unopposed, no response having been filed by Shaw as of that date.

Shaw now seeks to reopen the proceeding in the Eastern District of Pennsylvania.  She alleges that because her counsel was unfamiliar with the ECF System he was unaware that the motion had been filed in the case and had therefore failed to respond.  This ignorance, according to Shaw, amounts to "mistake, inadvertence ... or excusable neglect," under Rule 60(b) of the Federal Rules of Civil Procedure such that she should be relieved from this court's April 15, 2008 Order.  In addition, Shaw's counsel avers that his connection to the internet was not working for a three-week period ending April 17, 2008.  He claims that this failure prevented him from opening an e-mail that defendant's counsel sent him on April 3rd which contained an electronic copy of the motion to transfer.[2]

We note at the outset that Shaw's motion is not properly brought under Rule 60.  Rule 60 is concerned only with

---

1.  An "'ECF Filing User' means those who have Court-issued log-ins and passwords to file documents electronically."  Local R. Civ. P. 5.1.2, Procedural Order § 1(a).

2.  It is unclear whether Shaw's counsel was aware of the pending motion at that time.  He avers that on April 3 he requested "copies of all federal filings" from defendant's counsel's office, but does not specify whether he was aware of what those filings consisted.

final judgments, which does not include an interlocutory order to transfer venue. Fed. R. Civ. P. 60(b); Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 124-25 (3d Cir. 2004); Carteret Sav. Bank, F.A. v. Shushan, 919 F.2d 225, 228-30 (3d Cir. 1990). Shaw's motion is more appropriately considered a motion for reconsideration under Local Rule of Civil Procedure 7.1(g). Tico Ins. Co. v. Turpin, 2002 U.S. Dist. LEXIS 469, No. 00-5140, (E.D. Pa. Jan. 16, 2002). That Rule "permits a party to move for reconsideration or reargument of any judicial ruling with 10 days after the entry of the judgment, order or decree concerned." Local R. Civ. P. 7.1(g), Comment 6. Because Shaw's motion was timely filed in accordance with the Rule, we will consider it under that standard. Rinehart v. Mt. Penn Borough Mun. Auth., No. 01-5628, 2002 U.S. Dist. LEXIS 22257 (E.D. Pa. Sept. 12, 2006).

The purpose of a motion for reconsideration under Local Rule 7.1(g) is "to correct manifest errors of law or fact or to present newly discovered evidence." Local R. Civ. P. 7.1(g), Comment 6(c); Gateco v. Safeco Ins. Co., 2005 U.S. Dist. LEXIS 29542 at *2, No. 05-2869, (E.D. Pa. Oct. 28, 2005) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). Under this standard, a party seeking reconsideration may prevail if it meets at least of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary

judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

Here, Shaw's memorandum in support of her motion for reconsideration argues that counsel's failure to respond to defendant's motion to transfer venue was "mistake, inadvertence or excusable neglect" and also states that "justice requires that the matter be reopened." Pl.'s Mem. at 4. Though mistake, inadvertence and excusable neglect cannot support a motion for reconsideration, we will consider Shaw's statement that "justice requires this matter be reopened" as a contention that failure by this court to reconsider our April 15, 2008 Order would work a manifest injustice. See Max's Seafood, 176 F.3d at 677.

We begin with Shaw's argument that her counsel failed to respond to defendant's motion to transfer venue because he was unfamiliar with the ECF System. Local Rule of Civil Procedure 5.1.2 discusses use of the court's ECF System and incorporates by reference the terms of a Procedural Order on electronic case filing. The Procedural Order contains the following relevant provisions:

> **7. Service of Documents by Electronic Means**
>
> (a) When an ECF Filing User electronically files a pleading or other document using the ECF system, a Notice of Electronic Case Filing shall automatically be generated by the system, and shall be sent automatically to all parties entitled to

-4-

> service under the Federal Rules of Civil
> Procedure ... and the Local Rules of the
> Eastern District of Pennsylvania who have
> consented to electronic service.  Electronic
> service of the Notice of Electronic Case
> Filing constitutes service of the filed
> document to all such parties and shall be
> deemed to satisfy the requirements of Rule
> 5(b)(2)(D) of the Federal Rules of Civil
> Procedure ....
>
> ...
>
> (d) ... [R]egistration as an ECF
> Filing User constitutes agreement to receive
> and consent to make electronic service of all
> documents ....  This agreement and consent is
> applicable to all future cases until revoked
> by the ECF Filing User.

The Comment to Local Rule 5.1.2 adds:

> **2. ECF System**
>
> **a. ECF Filing Users**. ... [O]nce a case
> is included in the system and an attorney is
> a registered user, ECF filing *must* be used,
> and ECF service is all that is required.
> Relief from an actual failure to receive
> electronic service, of a motion for example,
> may be granted in the court's discretion, but
> a mere claim that an attorney was unaware
> that he had consented to electronic service
> despite the language in the ECF user
> agreement will not be excused.

Finally, the ECF Account Registration Form which attorneys must complete to register for an ECF account specifies:

> 1.  I have read and understood the provisions
> of Rule 5.1.2 of the Local Rules of Civil
> Procedures ... and the court's Procedural
> Order, In Re: Electronic Case Filing, ("ECF
> Procedural Order"), and I agree to abide by
> all provisions set forth therein.
> ...
> 3.  In accordance with the provision of Rule
> 5(b)(2)(D) of the Federal Rules of Civil
> Procedure and Section 7 of the ECF Procedural
> Order, I agree that service may be given to

>me by electronic transmission and I consent
>to make electronic service of all documents.
>...
>5. I agree to waive the provisions of Rule
>77(d) of the Federal Rules of Civil Procedure
>... providing for service of notice by mail,
>and I consent that such notice may be served
>by electronic transmission in accordance with
>Section 14 of the Procedural Order.

Thus, under Local Rule 5.1.2, Shaw's contention that he was unaware that by participating in the ECF System he was agreeing to electronic service of documents is insufficient to justify relief. <u>Klaske v. Spherion Corp.</u>, No. 05-5121, 2006 U.S. Dist. LEXIS 29433 (E.D. Pa. May 12, 2006). Under the Local Rules, no attorney is required to register as a Filing User and will typically be permitted to withdraw from ECF participation when written notice is given of such an intention. Local R. Civ. P. 5.1.2, Procedural Order § 2(c); Comment 2(a). When Shaw's counsel registered as a Filing User with the ECF System on November 12, 2007, he specifically agreed to abide by the terms of Local Rule 5.1.2 and the accompanying Procedural Order. Under these facts, reconsideration of our April 15, 2008 Order is not appropriate.

Nor does Shaw's claim regarding her counsel's lack of access to the internet excuse her failure to respond timely to Parker's motion. Counsel alleges his internet access was interrupted for a three-week period ending April 17, 2008. This interruption, therefore, would have begun approximately on March 28, ten days after the motion to transfer venue was filed. As the ECF System generates and sends its automatic Notice of

Electronic Case Filing immediately after a document is filed on the docket, counsel's alleged internet service interruption should not have any bearing on whether he had notice that Parker's motion was filed.  Moreover, § 15 of the Procedural Order provides that an ECF user who experiences "technical failure" should immediately notify the Clerk of Court, which Shaw's counsel did not do.

      Shaw has failed to show that a manifest injustice would result if we did not reconsider the April 15, 2008 Order transferring the matter to the Northern District of Ohio.  Her motion for reconsideration will accordingly be denied.  Because we will deny the motion to reopen, we need not reach Shaw's motion to amend her complaint.

```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE SHAW                         :    CIVIL ACTION
                                  :
         v.                       :
                                  :
PARKER HANNIFIN CORP.             :    NO. 08-1204
```

ORDER

AND NOW, this 27th day of June, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff Jane Shaw to reopen the case and to allow plaintiff to amend her Complaint (Docket No. 8) is DENIED.

BY THE COURT:

/s/ Harvey Bartle III
C.J.